UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal No. 01-76-1 (RC) |
| STEVEN D. JONES, | ) SEALED |
| Defendant, | ) |

**UNITED STATES' CONSENT MOTION TO UNSEAL
EX PARTE APPLICATION FOR WRIT OF EXECUTION**

The United States, by and through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court to unseal its *Ex Parte* Application for Writ of Execution filed under seal on April 16, 2025, see ECF No. 145, and documents accompanying this filing. Following the filing, the Court determined that the defense should be notified of the filing and a hearing scheduled. The Court convened a public hearing on May 8, 2025, involving prehearing disclosure of the sealed materials to defense counsel and discussion of the Writ at the hearing. Additionally, other public filings discussing the Writ, specifically: (1) a Notice of Request to Unseal (ECF No. 146), (2) a Motion for Protective Order Preserving Assets (ECF No. 147), (3) the Court's order granting the protective order (ECF No. 149), and (4) the United States' Consent Motion for an Extension of Time to File a Reply Memorandum to Defendant's Opposition to Government's Motion to Amend the Judgment to Assign Restitution Payments to the Victims of Crime Fund and proposed order (ECF No. 153). Counsel for the Defendant has graciously consented to this motion.

## DISCUSSION

In *Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978), the United States Supreme Court recognized that in the context of criminal proceedings, the public has a historically based, common law right to copy and inspect judicial records and documents. *See also United States v. Wecht*, 484 F.3d 194, 207–08 (3d Cir. 2007), *as amended* (July 2, 2007) (3d Cir. 2007 (*Wecht I*) ("[I]t is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."); *accord MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (citing *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016); *One 1977 Volvo 242 DL v. United States*, 650 F.2d 660, 317 (1981)). However, as the court in *MetLife* explained, the presumption of public access may be outweighed in certain circumstances:

> In *Hubbard*, we crafted a six-factor test to balance the interests presented by a given case. *See* 650 F.2d at 317-22. Specifically, when a court is presented with a motion to seal or unseal, it should weigh: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317-22). ***A seal may be maintained only "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires***." *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (internal quotation marks and citations omitted).

*MetLife, Inc.*, 865 F.3d at 665–66 (emphasis added); *see also United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 66-69 (D.D.C. 2011) (Discussion and application of six-factor test in context of False Claims Act case).

Here, the United States seeks to unseal the relevant records to enforce a restitution order under the Mandatory Victims Restitution Act (MVRA), which is a clear law enforcement purpose. Although no case law in this Circuit appears to address restitution as a law enforcement interest in this context, the analogous False Claims Act context led the court in *Durham* to conclude that such a claim "inherently implicate[s] the public interest." *See also id.* at 67-69 (quoting *United States v. King Pharms., Inc.*, 806 F. Supp. 2d 833, 840 (D. Md. 2011)) (unsealing all documents in dismissed False Claims Act case). We submit that the same conclusion regarding restitution is appropriate here.

A more recent examination by the D.C. Circuit of the *Hubbard* factors in *CNN, Inc. v. FBI*, 984 F.3d 114, 119 (D.C. Cir. 2021), revealed a more contextual and practical approach to its analysis of those factors. Regarding the first two factors, in the specific context of the case, the court determined not just whether there was a public interest in the information but whether there was a public need to access and value in accessing the information. Likewise, the court analyzed, as to factor two, precisely whether the specific information sought had previously been released, not just whether any information from the same case had been released. *Id*.

Regarding the last four factors, the court analyzed the specific context in which the information was held and its treatment in the case, finding information held in the National Security context, for intelligence purposes, to have had an outsized level of importance in evaluating the need for secrecy in the case. *CNN, Inc.,* 984 F.3d at 119-120. Evaluating specific context in this case leads to the opposite conclusion that the need for secrecy here has now clearly abated, given that the existence of the Writ has been made public and openly discussed, such that the public interest now weighs in favor of public enforcement of the restitution obligation.

WHEREFORE, the United States respectfully submits that the Court should thus grant this motion to unseal.   A proposed order consistent with the relief sought accompanies this motion.

                                    Respectfully submitted,

                                    JEANINE FERRIS PIRRO
                                  United States Attorney

                   By:    *Oliver W. McDaniel    /s/*
                                  OLIVER W. McDANIEL, D.C. Bar No. 377-360
                                  Assistant United States Attorney
                                  Civil Division
                                  601 D Street, N.W.
                                  Washington, D.C.   20530
                                  (202) 252-2508 | oliver.mcdaniel@usdoj.gov

July 15, 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of July, 2025, a copy of the foregoing UNITED STATES' MOTION TO UNSEAL EX PARTE APPLICATION FOR WRIT OF EXECUTION and the accompanying proposed order were sent to A.J. Kramer, Federal Defender, Counsel for the Defense, by email.

/s/
OLIVER W. MCDANIEL
ASSISTANT UNITED STATES ATTORNEY