**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **CR NO. 01-76-1 (RC)** |
| | : | |
| **v.** | : | |
| | : | |
| **STEVEN D. JONES** | : | |
| | : | |
| **Defendant.** | : | |

# DEFENDANT'S RESPONSE TO UNITED STATES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF APPLICATION OF WRIT OF EXECUTION

The government, on July 15, 2025, filed a supplemental memorandum in further support of its application for writ of execution. The defendant, Steven D. Jones, files this response. Because the government's arguments in its supplemental memorandum are meritless, the Court should deny the government's motion.

## BACKROUND

Mr. Jones pleaded guilty on July 13, 2001, to the first count of the indictment, which charged conspiracy to defraud the United States, 18 U.S.C. § 371. He was sentenced on October 18, 2001, to 60 months incarceration and restitution of $354,936, at a rate of not less than $100 per month. The parties agree that Mr. Jones was released from imprisonment on June 3, 2005. Mr. Jones was also sentenced to a three-year term of supervised release, which expired on June 2, 2008. In the years since, various motions

were filed regarding the restitution.

The present proceedings relate to government motions to amend the restitution order filed on May 8, 2025, and for a writ of execution, filed on April 16, 2025, on a piece of property owned by Mr. Jones.[1] This response relates to the latter motion. On May 8, 2025, the Court held a status conference on the case and granted the FPD until June 9, 2025, to file a response to the government's motions, later extended to June 13. On June 12, 2025, Mr. Jones filed an opposition to the government's motions. On July 15, 2025, the government filed a supplement to its motion for a writ of execution.[2] This response is to that supplement.

The government begins its supplemental memorandum by quoting this Court's January 10, 2025, order that Mr. Jones's "liability to pay restitution terminates on June 3, 2025" (GSM 1). The government then proceeds to ignore this clear statement in the remainder of its memorandum.

In fact, in addition to the Court, the government itself has made several statements about the termination of liability for payment of restitution by Mr. Jones. In a March 14, 2014, letter to Mr. Jones, the government stated that it had made "an error in the calculated expiration date of your judgment," and that the correct "termination date for your liability" was June 2, 2025 (ECF #141at 1).[3] In its motion for renewed writ of wage

[1] The motion for a writ of execution was filed under seal and neither Mr. Jones nor the FPD knew about it until May 7, 2025.

[2] "GSM" refers to the government's supplemental memorandum, filed on July 15, 2025.

[3] In the letter, the government stated that the liability terminates on June 2, 2025. In

garnishment, the government stated that the MVRA "defines the length of time in which …restitution liability [is] subject to civil enforcement", and that Mr. Jones was "subject to enforcement action through June 3, 2025" (ECF#139 at 1-2). The government further acknowledged that "the length of time that a restitution judgment is enforceable is limited" (ECF #139 at 3-4). The government also in support of its motion (ECF #139 at 3-4) relied upon *United States v. Pickett*, 525 Fed. Appx 838, 841 (11th Cir. 2013). In *Pickett*, the court reviewed the enforceability of restitution orders:

> The United States can enforce a restitution judgment "in the manner provided for the collection and payment of fines" in 18 U.S.C. § 3613. *See United States v. Fuentes,* 107 F.3d 1515, 1533 n. 33 (11th Cir.1997). Under 18 U.S.C. § 3613(c), an order of restitution is a lien in favor of the United States, and the lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b). 18 U.S.C. § 3613(c). The lien becomes unenforceable 20 years from the entry of judgment or 20 years after the release from imprisonment of the person, whichever is later, or upon the death of the person. *Id.* at § 3613(b).

Additionally, in its reply to the motion for renewed writ of garnishment, the government repeated that Mr. Jones "is subject to enforcement action through June 3, 2025" (ECF #142 at 2).

## **STATUTES**

The statute authorizing remedies for satisfaction of restitution, 18 U.S.C. § 3613 provides:

---

pleadings, the government has stated that the date is June 3, 2025. The difference is not material.

**§ 3613. Civil remedies for satisfaction of an unpaid fine**

**(a) Enforcement.**–The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–
**(1)** property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
**(2)** section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
**(3)** the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.
**(b) Termination of liability.**–The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined. The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution. In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien provided in subsection (c) of this section shall continue until the estate receives a written release of that liability.
**(c) Lien.**–A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, an assessment imposed pursuant to section 2259A of this title, or an order of restitution made pursuant to sections[1] 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).
**(d) Effect of filing notice of lien.**–Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed

> under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid. The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien. A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section. The provisions of section 3201(e) of chapter 176 of title 28 shall apply to liens filed as prescribed by this section.

The relevant tax collection statute, 26 U.S.C. § 6502, provides in pertinent part:

> **§ 6502. Collection after assessment**
>
> **(a) Length of period.**–Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun–
> **(1)** within 10 years after the assessment of the tax
>
> . . .
>
> If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.
>
> **(b) Date when levy is considered made.**–The date on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given.

## ARGUMENT

The primary focus of the government's supplemental memorandum is to raise—for the first time—the issue that "a restitution lien has the 'same effect as a federal tax lien,'" pursuant to 18 U.S.C. § 3613(c) (GSM 2-3). The government string cites a number of cases to that effect (GSM 3), although none of them deal with the timeliness issue presented by Mr. Jones's situation—that the "liability to pay restitution shall terminate" 20 years after the release from imprisonment under § 3613(b). And under § 3613(c), a lien imposed for payment of restitution continues for 20 years or until "terminated under subsection (b)." Mr. Jones's liability terminated on June 3, 2025, so the lien on his property no longer continues. Moreover, § 6502 puts a ten-year time limitation on the period when the collection proceeding must begin. That did not happen in Mr. Jones's case. In addition, pursuant to § 3613(b), the liability for the restitution terminated on June 3, 2025, and thus "bec[a]me[ ] unenforceable" at that time under § 6502(a).

The primary case upon which the government relies is *United States v. Pegg*, 2016 WL 5234616 (S.D. Fla. Sept. 22, 2016). In *Pegg*, the government recorded a notice of lien against a property a little over a month after sentencing, but did not file a motion to enforce the lien until "eight days before the twenty-year statute of limitations period would have lapsed." *Id*. at *5. The court held that the filing of the suit "prior to th[e] deadline was timely," and thus the government could seek foreclosure of the lien. *Id*. at *6.

Absent from the court's analysis in *Pegg* is any analysis or discussion of the term "becomes unenforceable" in § 6502(a). Rather, the court simply stated that "as long as the United States files suit to enforce the tax lien prior to the expiration of the statute of

limitations, the lien does not lapse." *Id*. at *5. That directly conflicts with § 6502(a).

The other two cases cited by the government (GSM 4), *United States v. Domenico*, 2010 WL 3029019 (M.D. Fla. Apr. 29, 2010), and *United States v. Bucy*, No. 06-00387 (S.D. W.Va. Nov. 6, 2007), are both tax cases and thus contain no discussion about the interplay of §§ 3613 & 6502.

The government cites several cases (GSM 4-6) dealing with the issue resulting from a change in the restitution statutes:

> At the time Blackwell's judgment was entered, the Victim and Witness Protection Act ("VWPA") provided that a criminal defendant's liability to pay a fine expired either 20 years after the entry of judgment or upon the death of the defendant. *See* 18 U.S.C. § 3613(b) (1993). In 1996, however, Congress passed the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, 110 Stat. 1227. In relevant part, the MVRA amended the VWPA to provide that the liability to pay a fine or restitution shall terminate "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the [defendant]." 18 U.S.C. § 3613(b).

*United States v. Blackwell,* 852 F.3d 1164, 1165 (9th Cir. 2017).

The government discusses mainly *United States v. Norwood*, 49 F.4th 189 (3d Cir. 2011), as what it calls "additional, weightier persuasive authority that a timely, pre-expiration enforcement action filed by the United States under MVRA serves to toll the limitations period" (GSM 5). The government also states that Norwood is a "more fulsome decision on this issue" (GSM 4).

The government states that the court in *Norwood* "concluded that the VWPA version of 3613 was a durational period while the MVRA version is limitational. *See*

*Norwood*, 49 F.4th at 211." (GSM 5). That is false—the court in *Norwood* clearly held exactly the opposite—that "the MVRA's liability period is *not* a statue of limitations." *Id*. at 217 (emphasis added). The court pointed out that a statute of limitations "creates a procedural bar to seeking a remedy," while the MVRA "extinguish[es] a plaintiff's underlying rights." *Id*. The court specifically held that, unlike a statue of limitations, the MVRA, "in contrast, expressly extinguishes a defendant's liability once the liability period has run." *Id*. Mr. Jones agrees with the government that *Norwood* is "weightier persuasive authority," as it fully supports Mr. Jones's position.

The court in *Norwood* directly addressed the interplay of §§ 3613(b) & 6502(a):

> §6502 explicitly provides that, even if the Government tolls a lien by commencing action, that lien will still expire when "the liability for a tax . . .becomes unenforceable," 26 U.S.C. §6502(a).

*Id*. at 213. And,

> when the Government fails to complete its collection effort within twenty years, it may no longer enforce its lien.

*Id*. at 214.

The government also cites *United States v. Weinlein*, 109 F. 4th 91 (2d Cir. 2024), which also discusses the retroactivity of the MVRA. In *Weinlein*, *id*. at 100, the court held that "retroactive application of the MVRA does not violate the *Ex Post Facto* Clause," as Congress could "extend the enforcement period of a restitution order . . . before the original enforcement period has expired." The court disagreed with *Norwood*, noting that "a liability period and a statute of limitations appear to be fundamentally

similar," in that "each type of provision provided a deadline at which the consequences that normally attach to criminal activity will terminate." *Id*. at 102. Thus, while the court in *Weinlein* disagreed with *Norwood* about the retroactivity of the MVRA, the *Weinlein* court agreed that the liability for restitution terminated under the MVRA, just after a longer period of time.

On page 3 of its supplemental memorandum the government includes a quote all in bold:

> "If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable." *Kollintzas,* 597 F.3d at 802 (emphasis added).

There are several problems with this supposed quote from *Kollintzas.* First, there is no such quote in the *Kollintzas* case. Second, the cite of 597 F.2d at 802 is not from the *Kollintzas* case. The case at 597 F.3d 802 is *United States v. Wallace*, 597 F.3d 794 (6th Cir. 2010), and the cited page discusses the procedural reasonableness of a sentence—nowhere in *Wallace* is there any discussion of restitution.[4]

---

[4] It is difficult to understand how the government cites a non-existent quote from *Kollintzas*, referring to a page cite from another case (which likewise does not contain the quote). In addition, it is equally difficult to understand how the government can claim that *Norwood* held the opposite of what it actually did. The page cited by the government–211–sets forth the test for determining between "durational periods and limitations periods" and also includes a discussion of Double Jeopardy principles. It is only later in the opinion, at pages 217-18, that the court decided the issue, in the exact opposite way the government claims. Also, in a motion for extension of time filed on June 18, 2025 (ECF #152 at 2), the government stated:

> Since the hearing on May 8, 2025, when the Court inquired

The government also cites (GSM 5) *United States v. Davis*, 52 F.3d 781 (8th Cir. 1995). In *Davis*, after finding that a ten-year time period under an estate tax statute was durational, the court observed that "[a]rguments about delay . . . lie ill in the government's mouth" because the government waited "nine years . . . before filing its complaint." *Id*. at 783. The same consideration is true in the present case, as the government waited until just less than two months remained on the twenty year period before filing an application for a writ of execution, a delay for which the government has offered no explanation.

Finally, the government's claim that Mr. Jones addressed the writ of execution with a "de minimis remark and thus effectively conceded enforceability" is incorrect (GSM 2). The preceding section of Mr. Jones's opposition to the government's motion discussed why it was too late to amend the judgment, as Mr. Jones's liability to pay restitution had terminated on June 3, 2025. Mr. Jones pointed out the same analysis applied to the writ of execution. It is unclear what else the government claims should

---

> whether the United States could locate the list of victims in this case, Counsel for the Defendant's staff have succeeded in obtaining a victim list in this case from the Clerk's Office.

The meaning of "Counsel for the Defendant's staff" is a mystery, as no such person or position exists.

These false statements are especially interesting in light of the fact that the government has some strange obsession with the filing status of Mr. Jones's opposition, claiming in a motion for extension of time (ECF #152 1 n.1) that it was incorrectly labeled, and claiming the same in its supplemental memorandum (ECF #155 at 2 n.1). Perhaps the government should spend more time on the accuracy and substance of its own pleadings, rather than criticizing the ECF filing status of those of Mr. Jones.

have been done—the government offers nothing. Contrary to the government's claim that the argument "effectively conceded enforceability," the argument stated that it was clear that the same analysis applied to the writ of execution– –there was no need to repeat the exact same argument, as the government apparently would have Mr. Jones do. Furthermore, the government obviously recognizes the merits of the argument, as it spends six pages attempting to rebut it.

CONCLUSION

For all the above reasons, Mr. Jones respectfully requests that the Court deny and dismiss the government's request for a writ of execution.

Respectfully submitted,

/s/

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004
(202) 208-7500
a._j._kramer@fd.org