UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN D. JONES,<br><br>Defendant, | ) | Criminal No. 01-76-1 (RC) |

**UNITED STATES' REPLY IN SUPPORT OF SUPPLEMENTAL MEMORANDUM IN SUPPORT OF APPLICATION FOR WRIT OF EXECUTION**

The United States, by and through counsel, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its supplemental memorandum in further support of its Ex Parte Application for Writ of Execution and supporting submissions originally filed under seal in this case on April 16, 2025, but has now been unsealed. *See* Docket Doc. (ECF) No. 145. In the timeless words of former President Harry S. Truman, "If you can't convince them, confuse them." The defense has chosen this course in its decision to focus on the liability period mentioned in the United States' opening paragraph of its Supplemental Memorandum (ECF No. 155) versus the stated focus of the submission, which is the last sentence discussing "the continued enforceability of the restitution lien … on the timely filed enforcement action." Consistent with this true focus, the more cogent citations and quotations from the caselaw cited support continued enforceability. The defense fails to meet the force of these case decisions, relying instead on distracting *ad hominem* arguments, on confusing uncontested issues, and on a patchwork of unrelated statutory citations. The defense offers nothing to detract from the conclusion that the timely filed Writ of Execution may be enforced beyond the end of the liability period.

**DISCUSSION**

The defense's initial focus on the liability period essentially conflates the timely filing of an enforcement action within the liability period with the continued enforceability of a timely filed enforcement action. The former determines what is a timely filed enforcement action. The latter determines how long the Court has to bring the timely filed enforcement action to resolution – two fundamentally different issues. Here, with the United States having filed the Writ of Execution and notified the defense before June 2, 2025, it is undisputed that the enforcement action was timely filed. Thus, the United States clearly is focusing on the latter issue of how long the Court has to resolve this enforcement action, which appears to be what the defense is contesting.

After trying to recast or recharacterize the United States' position, the defense next erects an argument built on an incorrect statutory interpretation. In its Statutes section of the defense Response, the defense sets forth the post-1996, MVRA version of § 3613 and the relevant portions of 26 U.S.C. § 6502(a) of the Internal Revenue Code. However, the defense even cites 26 U.S.C. § 6502(b), related to the date on which levy is considered made. This language has no obvious relevance to the discussion given that the collection mechanism is a proceeding in court, not a tax levy, which has its own unique procedures. *See generally United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 105 S. Ct. 2919, 86 L. Ed. 2d 565 (1985) (Tax Levy Principles and Procedures).

Third, the defense tries but fails to find substantive support for the bald contention that liability terminated in this case on or before June 3, 2025. These arguments are without merit and should be rejected. Even though the defense sets forth the MVRA version of § 3613, it ignores the language of 3613 (c) expressly describing the MVRA lien as "a lien in favor of the United States on all property and rights to property … as if the liability of the person … were a liability for a tax assessed under the Internal Revenue Code…." In addition, none of the conclusions related to this

issue reached by the cases cited by the United States appear to impact the defense analysis. The defense incorrectly suggests that liability abruptly ends and shuts down all pending litigation.

Likewise, the defense also ignores the MVRA version of § 3613(b), which sets the termination of liability as either 20 years from judgment or 20 years from release from imprisonment. When considering the impact of the Internal Revenue Code (IRC), the defense seeks to treat the MVRA lien exactly like an IRS lien even though § 3613 (c) says, "***as if*** the liability of the person fined were a liability for a tax." The defense conveniently contends that the MVRA lien term is reduced to 10 years under IRC § 6502(a) even though this interpretation makes little sense. No explanation is offered why Congress would take the time to set forth the 20-year term for the MVRA lien only to reduce the period of the lien by analogizing its enforcement to an IRS lien. If the defense contention is that this 10-year term only applies to levies or court enforcement actions, this 10-year term still would be unnecessary given the MVRA's 20-year term. Proper statutory interpretation does not lead to such absurd results. *See Silver State Land, LLC v. Schneider*, 145 F. Supp. 3d 113, 130 (D.D.C. 2015), *aff'd*, 843 F.3d 982 (D.C. Cir. 2016). *See also Corley v. U.S.*, 556 U.S. 303, 317, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009) (interpreting criminal procedure statute to avoid "absurdities of literalism"); *Ctr. for Biological Diversity v. E.P.A.*, 722 F.3d 401, 411 (D.C. Cir. 2013) (recognizing " 'the long-standing rule that a statute should not be construed to produce an absurd result' " (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1068 (D.C. Cir. 1998))). In this context, statutory references only provide guidance on how the MVRA should be interpreted and are not engrafted word-for-word into the MVRA. *See, e.g.*, *United States v. De Cespedes*, 603 Fed. Appx. 769, 771 (11th Cir. 2015) (Discussion of differing legal provisions and rules applicable to federal tax liens versus restitution liens).

The defense goes on to criticize and misconstrue the caselaw cited by the United States based on this flawed statutory interpretation and other imperfect readings of the cases. Regarding *United States v. Pegg*, 2016 WL 5234616 (S.D. Fla. Sept. 22, 2016), the defense's only complaint is that the decision omits "discussion of the term 'becomes unenforceable' in § 6502(a)." Response at 6. This specific issue, though not essential to the decision, really has not been omitted, as the defense claims. It instead is contained in the case decisions cited and discussed by the *Pegg* decision. The *Pegg* court reasons, we reiterate, from the express statutory treatment of the MVRA lien as if it were a liability for a tax under the IRC, based on § 3613(c). Finding that restitution liens have the "same effect as a federal tax lien," relying on *De Cespedes*, 603 Fed. Appx. at 771 (citing 18 U.S.C. §§ 3613(d)–(f)), or are "treated like tax liens," relying on *United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir. 2007), the court decides, after reference to § 6502(a), that a timely filed restitution lien does not lapse after the period's expiration. *Pegg*, 2016 WL 5234616, at *2; § 6502(a). *See also other cases cited by Pegg, United States v. Domenico*, No. 09-CV-1282, 2010 WL 3029019, at *3 (M.D. Fla. Apr. 29, 2010) ("Additionally, the lien has not lapsed because the United States filed this collection action before the collection statute of limitations expired."); *United States v. Bucy*, No. 06-00387, 2007 U.S. Dist. LEXIS 82548, at *11-12 (S.D. W. Va. Nov. 6, 2007) (finding that the United States timely filed its tax proceeding because the limitation period was triggered by filing suit eight days prior to the period's expiration).

There can be no complete analogy between restitution and tax liens. The MVRA is far less complex than the IRC. Without delving too deeply into the minutia of the courts' decisions, these decisions review the complexities of application of the IRC, involving the impact of bankruptcy filings, marriage, community property laws and related matters. These analyses help explain why Congress did not intend a complete unity of the MVRA lien and the federal tax lien but only

intended the former to be treated like a tax lien. The MVRA lien is to receive like treatment without incorporating verbatim the tax laws into the MVRA statute, as the defense demands. These decisions should accordingly be recognized as persuasive authority, as the United States argues in its Supplemental Memorandum.

Finally, the defense tries to turn the tables on the United States by seeking to make the prominent authority relied on by the United States, that is *United States v. Norwood*, 49 F.4th 189 (3d Cir. 2022), its own.[1] First, the defense conflates the court's discussion about limitational versus durational statutory periods (on page 211 of the *Norwood* decision) with the court's discussion of the impact of statutes of limitations and limitation periods on ex post facto principles (on page 217). *See* Response at 7-8. These are two distinct discussions of separate, unrelated issues. The defense once again seeks to use confusion and misinterpretation to advance its cause.

Additionally, even though the defense openly acknowledges the distinction between the Victim and Witness Protection Act (VWPA) – the pre-1996 version of which was codified in part in § 3613 – and the MVRA – the post-1996 version of which was also codified in part in § 3613 (see Response at 7, quoting *United States v. Blackwell*, 852 F.3d 1164, 1165 (9th Cir. 2017)), the defense argument includes the following quotation from *Norwood* of a discussion related to the repealed VWPA version which the defense cites in support of a position in this case related solely to the MVRA version of the statute:

> The court in *Norwood* directly addressed the interplay of §§ 3613(b) & 6502(a):
>
> > § 6502 explicitly provides that, even if the Government tolls a lien by commencing action, that lien will still expire when "the liability for a tax . . .becomes unenforceable," 26 U.S.C. §6502(a).

---

[1] The defense mistakenly cites the *Norwood* case as a 2011 decision, instead of a 2022 decision, an apparent typographical error. *See* Response at 7.

*Id*. at 213. And,

> when the Government fails to complete its collection effort within twenty years, it may no longer enforce its lien.

*Id*. at 214.

*See* Response at 8. In *Norwood*, the first sentence of the paragraph in which these quotes appear states: "Such features, however, are conspicuously absent from the VWPA, which instead imposes an explicit and severe consequence: that '[a] lien becomes *unenforceable'* after the twenty-year deadline passes. 18 U.S.C. § 3613(b) (1994) (emphasis added)." *Norwood*, 49 F.4th at 213. Without the reference to the VWPA, and taken out of context, this quotation clearly appears related to the MVRA, which it is not. The United States submits that this unfortunate omission reveals that the defense argument is clearly without merit and fails to undermine continued enforcement of the United States' Writ of Execution.

WHEREFORE, the Court should grant the United States' Application for Writ of Execution.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *Oliver W. McDaniel* /s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2508 | oliver.mcdaniel@usdoj.gov

August 19, 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that copies of the foregoing United States' Reply in Support of Supplemental Memorandum in Support of Application for Writ of Execution was served by the Court's Electronic Case Filing system (ECF), by email, this 19th day of August, 2025, on:

A. J. Kramer, Esq.
Federal Public Defender
for the District of Columbia
A._J._Kramer@fd.org

/s/
OLIVER W. McDANIEL
Assistant United States Attorney